CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 12, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JOSEPH VINCENT MERLINO, III,** )<br>    Plaintiff, ) | Civil Action No. 7:25cv00233 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| **WARDEN YOUNCE, et al.,** ) | By: Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Plaintiff Joseph Vincent Merlino, III, has filed this civil rights action under 42 U.S.C. § 1983, alleging change in housing and security level without due process, failure to protect from extortion by other inmates, interfering with his access to the grievance system by intercepting/losing his complaints and grievances, and inhumane prison conditions (insufficient food, hydration, running water, and toilet paper, plus placement in a suicide cell for 54 days). His amended complaint (Dkt. No. 65) added cruel and unusual punishment and deliberate indifference to his medical needs by failing to provide adequate nutrition and hydration (and actively interfering with his access to nutrition and hydration) causing hospitalization.

Plaintiff also filed a motion for preliminary injunction/temporary restraining order requiring physical therapy and other prescribed medical treatment for injuries to his back and right arm, sustained when he was assaulted by prison staff and an attempt on his life was made by other inmates and gang members.[1] Dkt. No. 5. The treatment plaintiff seeks to compel in this motion is not related to the claims in his complaint, and preliminary injunctive relief should be

---

[1] Plaintiff also mentioned in his motion for preliminary injunction that he was still being denied medical treatment related to his severe dehydration in the RHU for which he had previously been hospitalized. Dkt. No. 4, at 3. At the time the motion for preliminary injunction was filed, his complaint contained no allegations about denial of medical care or interference with prescribed hydration and nutrition treatment. Those allegations first appeared five months later, when he filed his motion to amend the complaint.

granted only sparingly.  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).

Merlino has argued that he has shown the four requirements that he must prove when seeking an injunction, as required by *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008).  Whether he has met the *Winter* factors or not, a preliminary injunction is not appropriate when the harm complained of does not arise from the conduct alleged in the complaint.  *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997).  A preliminary injunction may not be issued to prevent harm that is not caused by the wrong claimed in the underlying action.  *Id.* at 16.  Because the injunctive relief he seeks—medical care for his back and arm—is not related to the claims in this lawsuit, the court may not grant such relief in this lawsuit.

Accordingly, I will deny his motion for preliminary injunction.  A separate order will be entered this day.

Enter:  March 12, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge